IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NICKIE COLLINSWORTH**                                                                                   **PLAINTIFF**

v.                                    Case No. 4:20-cv-00093-KGB

**OFFICE DEPOT, INC.**                                                                                    **DEFENDANT**

## ORDER

Before the Court is a motion to dismiss filed by defendant Office Depot, Inc. ("Office Depot") (Dkt. No. 6). Plaintiff Nickie Collinsworth has not responded in opposition to the motion, and the time to do so has passed. For the following reasons, the Court grants Office Depot's motion to dismiss.

**I.     Background**

On September 11, 2019, Ms. Collinsworth filed this action in the Circuit Court of Pulaski County, Arkansas (Dkt. No. 2). Ms. Collinsworth claimed wrongful termination on the basis of an allegedly false police report being filed against her for assault, allegedly false human resources complaints, issues with management and staff, and allegedly unfair treatment as a manager (*Id.*, at 1–2). Ms. Collinsworth claimed that she should be compensated in the amount of $200,000 for lost wages, mental distress, and lost health benefits (*Id.*, at 2–3). On January 27, 2020, Office Depot removed the action to this Court on the basis of diversity jurisdiction (Dkt. No. 1). On that same day, Office Depot moved to dismiss Ms. Collinsworth's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 6).

Since Office Depot filed its motion to dismiss, Ms. Collinsworth has requested, and this Court has granted for good cause, eight extensions of time to respond to Office Depot's motion (Dkt. Nos. 9, 10, 11, 12, 13, 16, 17, 18, 19, 21, 25, 28, 30, 32). Ms. Collinsworth also moved for

appointment of counsel (Dkt. No. 20). The Court found that Ms. Collinsworth and the Court would substantially benefit from the appointment of counsel, granted Ms. Collinsworth's motion, and appointed attorney Bryan Hosto to represent Ms. Collinsworth (Dkt. No. 21). Mr. Hosto then moved to withdraw because he believed that Ms. Collinsworth's claim is non-meritorious (Dkt. No. 24). The Court granted Mr. Hosto's motion and appointed attorney R. Alan Cline to represent Ms. Collinsworth (Dkt. No. 28). Mr. Cline also moved to withdraw because he believed that Ms. Collinsworth's claim is non-meritorious (Dkt. No. 29). The Court granted Mr. Cline's motion to withdraw and did not appoint Ms. Collinsworth new counsel, based on the two prior attorneys' representations to the Court regarding the merits of this dispute (Dkt. No. 32). The Court directed Ms. Collinsworth to respond to Office Depot's motion to dismiss on or before December 14, 2020 (*Id.*, at 2). Ms. Collinsworth did not do so, and Office Depot's motion is now ripe for this Court's review.

## II.  Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *See Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550

U.S. at 555.  Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

A court considering a motion to dismiss must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences from those facts in favor of the non-moving party. *See Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013); *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005); *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001).  However, a court need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement." *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting Iqbal, 556 U.S. at 678).  In short, "[a] complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

**III.  Analysis**

In her complaint, Ms. Collinsworth claims wrongful termination on the basis of an allegedly false police report being filed against her for assault, allegedly false human resources complaints, issues with management and staff, and allegedly unfair treatment as a manager (Dkt. No. 2, at 1–2).  Office Depot argues that Ms. Collinsworth fails to state a claim for common law wrongful termination because she does not allege that her firing violated Arkansas public policy (Dkt. No. 7, at 2).

Generally, an employment relationship is terminable at the will of an employer or an employee. *Smith v. American Greetings Corp.*, 804 S.W.2d 683, 684 (Ark. 1991). "[A]n at-will employee may be discharged for good cause, no cause, or even a morally wrong cause." *Id.* Exceptions to the at-will employment doctrine exist where an employee is discharged for refusing

to violate a criminal statute, exercising a statutory right, or complying with a statutory duty. *Id.* Arkansas law also recognizes a cause of action for wrongful discharge when an employee is discharged in violation of a well-established public policy of Arkansas. *See Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380, 385 (Ark.1988). This exception is "limited," and does not "protect merely private or proprietary interests." *Id.* A discharge violates public policy when the basis for the discharge is "so repugnant to the general good as to deserve the label 'against public policy.'" *Smith*, 804 S.W.2d at 684 (quoting *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202 (8th Cir.1984)).

The public policy of Arkansas is found only in its constitution and statutes. *See Sterling*, 743 S.W.2d at 385. This is because the public policy is declared by the legislature and not by the courts. *Dray v. City of Bentonville*, 2000 WL 1506517, at *1 (Ark. Ct. App. Oct.11, 2000). Where a plaintiff does not identify the specific public policy that was violated but instead "alleges the redress of a private wrong," a dismissal for failure to state facts upon which relief can be granted is proper. *Smith*, 804 S.W.2d at 685.

This Court, accepting as true all well-pleaded facts in Ms. Collinsworth's complaint and drawing all reasonable inferences in her favor, concludes that Ms. Collinsworth fails to state a claim for wrongful termination. Ms. Collinsworth alleges that she was fired because of allegedly false police reports and human resources complaints, failure of management to resolve alleged issues with management and staff, and unfair treatment. Accepting these pleaded facts as true, they do not fall into any of the narrow exceptions to the at-will employment doctrine of Arkansas. Ms. Collinsworth does not allege that she was fired for refusing to violate a criminal statute, exercising a statutory right, or complying with a statutory duty. Ms. Collinsworth also does not allege that her firing violated Arkansas public policy. Instead, Ms. Collinsworth in her complaint

alleges the redress of private wrongs. *See Smith*, 804 S.W.2d at 685. Accordingly, Ms. Collinsworth's claim for wrongful termination fails under Arkansas law.

### IV. Conclusion

For the foregoing reasons, the Court grants Office Depot's motion to dismiss (Dkt. No. 6). The Court dismisses Ms. Collinsworth's claims against Office Depot.

It is so ordered this 19th day of January, 2021.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge